UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA MILES, | No. 2:23-cv-01613 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SUTTER COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff, Georgia Miles, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening. (ECF No. 1.) The complaint's allegations do not state a claim. Because it clearly appears leave to amend would be futile, the undersigned recommends the complaint be dismissed without leave to amend.

I. **In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2, 8.) "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987). On this basis, for the reasons set forth below, the undersigned will recommend plaintiff's application to proceed in forma pauperis be denied.

1

### II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the non-conclusory allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III. Plaintiff's Allegations

Plaintiff purports to bring claims on behalf of Hiawatha Miles, C/O Georgia Miles, and appears to have signed the complaint as Georgia Miles, purportedly on behalf of Hiawatha Miles. (ECF No. 1 at 4, 6.) On behalf of Hiawatha Miles, plaintiff alleges "they have illegally searched[,] stalked and stolen income, molested, raped, used as a slave (indentured)!" (Id. at 5.) And further, defendants "stole[ ] money, cars, belongings, clothing, homes, land, freedom & health & safety." (Id.) The complaint seeks monetary damages, "loss of their jobs," and the filing of criminal charges. (Id. at 6.)

////

**IV.    Discussion**

The complaint does make any specific allegations against any individual defendant and the complaint's allegations are incomprehensible. The complaint does not present plausible factual allegations or legally coherent theories of liability establishing a claim for relief and should be dismissed on this basis. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Moreover, as a non-attorney litigant, Georgia Miles cannot represent other individuals, including any family members, in this action. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("a non-lawyer 'has no authority to appear as an attorney for others'") (quoting C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). In addition, to any extent plaintiff seeks relief under 42 U.S.C. § 1983, plaintiff cannot state a claim for relief without alleging a violation of plaintiff's own rights.[1] See 42 U.S.C. § 1983 (establishing liability "to the party injured"); see also West v. Atkins, 487 U.S. 42, 48 (1988). The complaint must be dismissed for failure to state a claim.

If it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). In this instance, plaintiff will not be able to remedy the defect that, as a non-lawyer, plaintiff cannot bring claims on behalf of another person. It clearly appears leave to amend would not result in a cognizable claim.

/////
/////
/////
/////
/////

---

[1] The court takes judicial notice of the complaint in Georgia Miles v. Stohlman, et al., No. E.D. Cal. No. 2:23-cv-00827 DJC DB P. That case involves plaintiff's own claims alleging plaintiff's child was kidnaped, held hostage, and trafficked by informants, and that plaintiff's car, food, clothing, and other items were stolen and vandalized. See id., 2:23-cv-00827 DJC DB P, ECF No. 1 at 3.

3

**V.     Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 8) be DENIED.

2. The complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:     February 16, 2024

DLB7
mile1613.scrn.fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4